**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| RANDALL L. BOREN,<br><br>                    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. 2:17-cv-02459-RFB-VCF<br><br>**REPORT & RECOMMENDATION**<br><br>MOTION FOR REVERSAL AND/OR REMAND [ECF NO. 16], CROSS-MOTION TO AFFIRM [ECF NO. 17] |

This matter involves Plaintiff Randall Boren's appeal from the Commissioner's final decision denying Boren' social security benefits. Before the Court are Boren's Motion for Reversal and/or Remand (ECF No. 16) and the Commissioner's Cross-Motion to Affirm (ECF No. 17). For the reasons stated below, the Court recommends denying Boren' motion and granting the Commissioner's motion.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for

1

that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). This means such relevant "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. (*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

In this case, the Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process in 20 C.F.R. § 404.1520. The ALJ concluded that Boren did not engage in substantial gainful activity during the relevant timeframe. (ECF No. 15-2 at 146). The ALJ found Boren suffered from medically determinable severe impairments consisting of status-post L4 to S1 fusion with residual symptoms of lower back pain and lower extremity pain, degenerative disk disease, major depressive disorder, anxiety, and post-traumatic stress disorder. (*Id.*). The ALJ determined that these impairments did not meet or equal any of the "listed" impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 150). The ALJ concluded Boren retained the residual functional capacity to perform light work with several conditions, including that Boren could stand for no more than six hours of an eight-hour

workday.  (*Id.* at 152).  The ALJ determined that Boren was unable to perform past relevant work, but would be able to perform other jobs that exist in significant numbers in the national economy.  (*Id.* at 158). The ALJ found that Boren was not under a disability as defined in the Social Security Act.  (*Id.* at 160).

Boren challenges the ALJ's assessment on a single ground.  Boren argues the ALJ failed to give sufficient reasons to reject the opinion of examining physician Dr. Reed that Boren was limited to sedentary work and could stand and/or walk for "at least two hours during a workday."  (ECF No. 16 at 5-6, 8).  The Commissioner argues the ALJ properly concluded that Dr. Reed's opinion was not consistent with other evidence in the record.  (ECF No. 17 at 5-9).

"When there is conflicting medical evidence, the [ALJ] must determine credibility and resolve the conflict."  *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (quoting *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir.1992)).  "[T]the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician."  *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995), *as amended* (Apr. 9, 1996) (*quoting Pitzer v. Sullivan,* 908 F.2d 502, 506 (9th Cir.1990). "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."  *Id.*

The Court finds that the ALJ's opinion contains an extensive catalog of specific and legitimate reasons to reject Dr. Reed's opinion that Boren was limited to sedentary work and could stand and/or walk for "at least two hours during a workday."  (ECF No. 15-2 at 146-158).  Dr. Reed based this opinion on Boren's complications with his lower spine.  (ECF No. 15-5 at 327).  The ALJ discussed many doctor's findings regarding Boren's lower spine throughout the opinion.  (ECF No. 15-2 at 146-150, 152-158). Many doctors noted complications with Boren's lower spine, which the ALJ found to be a severe impairment.  (*Id.* at 146).  However, other doctors noted Boren had normal gait and strength in his lower extremities and was capable of light-duty work.  (*Id.* at 147-149, 154).  During Boren's examination, Dr.

Reed also noted that Boren's gait was normal, he did not need a cane to ambulate, and he had 5/5 strength in all four extremities. (ECF No. 15-5 at 327). The ALJ also discussed Boren's daily activities, such as walking his dogs, shopping, and driving, that "suggest[] that the claimant does not necessarily require use of a cane." (ECF No. 15-2 at 153). To the extent that Boren cites medical evidence supporting Dr. Reed's conclusion, the Court must uphold the ALJ's conclusion if the evidence supports more than one interpretation. The ALJ provided specific and legitimate reasons to reject portions of Dr. Reed's opinion.

ACCORDINGLY,

IT IS RECOMMENDED that Plaintiff's Motion for Reversal and/or Remand (ECF No. 16) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm. (ECF No. 17) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 25th day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE