# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDALL BOREN, | Case No. 2:17-cv-02459-RFB-VCF |
| Plaintiff, | **ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE CAM FERENBACH** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court for consideration is the Report and Recommendation of the Honorable Cam Ferenbach, United States Magistrate Judge, entered October 25, 2018. (ECF No. 19). For the reasons discussed below, the Report and Recommendation is adopted in full.

## II. BACKGROUND

Neither party objected to the Magistrate Ferenbach's summary of the background facts, and so the Court incorporates and adopts, without restating, that "background" section here. (See ECF No. 19). The Court adds the following procedural history.

Plaintiff Randall Boren filed his Complaint on September 21, 2017. (ECF No. 1). On January 19, 2018, Plaintiff filed a Motion to Remand, arguing that the Administrative Law Judge ("ALJ") improperly rejected portions of the Plaintiff's treating physician's opinion and requesting that the Court reverse and award benefits, or remand to the agency. (ECF No. 16). Defendant Nancy Berryhill filed a Countermotion to Affirm the ALJ's decision on February 20, 2018. (ECF No. 17). Defendant also filed a Response to the Motion to Remand on February 20, 2018. (ECF

No. 18). Plaintiff did not file a response to the Countermotion or a reply to Defendant's response to his motion.

Judge Ferenbach issued a Report and Recommendation on October 25, 2018, recommending denial of Plaintiff's Motion and granting Defendant's Motion. (ECF No. 19). Plaintiff did not file an objection to the Report.

### III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. Id. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's

conclusion," to determine whether that conclusion is supported by substantial evidence. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995).

**IV.     DISCUSSION**

The ALJ issued a decision finding Plaintiff ineligible for disability benefits. (ECF No. 15) The ALJ found Boren suffered from medically determinable severe impairments consisting of status-post L4 to S1 fusion with residual symptoms of lower back pain and lower extremity pain, degenerative disk disease, major depressive disorder, anxiety, and post-traumatic stress disorder. The ALJ determined that these impairments did not meet or equal any of the "listed" impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ concluded Boren retained the residual functional capacity to perform light work with several conditions, including that Boren could stand for no more than six hours of an eight-hour workday. The ALJ determined that Boren was unable to perform past relevant work, but would be able to perform other jobs that exist in significant numbers in the national economy. The ALJ found that Boren was not under a disability as defined in the Social Security Act.

Judge Ferenbach found that the ALJ's decision was supported by substantial evidence under 42 U.S.C. § 405(g) and that the ALJ did not commit legal error. Specifically, the Report finds that the ALJ did provide support for her decision in which she partially rejected the opinion of the Plaintiff's treating physician. The Report notes without subsequent objection that Judge Hoover provided clear and sufficient reasons for her partial rejection.

The Court has reviewed the record and agrees with the conclusion reached in the Report. The Court finds that the Maigstrate Judge did not err in finding that the ALJ presented clear and convincing reasons for rejecting portions of the Dr. Reed's opinion. The ALJ properly considered all of the evidence in the record, and reached a decision supported by substantial evidence and which included clear and convincing reasons for rejecting portions of Dr. Reed's opinion.

**V.     CONCLUSION**

Accordingly,

1 **IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 19) is
2 ADOPTED in full.
3 **IT IS FURTHER ORDERED** that the Motion to Remand (ECF No. 16) is DENIED and
4 the Countermotion to Affirm is GRANTED (ECF No. 17) is GRANTED.
5 **IT IS FURTHER ORDERED** that the Clerk of Court is ordered to close this case.

7 DATED this 22nd day of January, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**